The opinion of the Court, was delivered by
Hornblowjer, C. J.
This was wrong. By the thirteenth section of the statute, if the defendant does not appear at the time and place, expressed in the recognizance, and no sufficient reason shall be assigned to the Justice, for his non-appearance, then the Justice may proceed to hear and determine, the cause, in the absence of the defendant. But he is not to condemn the security unheard.
It is true, the condition of the recognizance is, that if the defendant does not appear, the security will be liable; or if the defendant does appear and is condemned in the action, that he shall pay the costs and condemnation money, or surrender himself to the constable, on execution to be thereupon issued, on the day judgment shall be obtained; and if the defendant fails so to do, then that the security will pay the money for him, and suffer judgment to be entered up, against him for the same. But the effect of this recognizance is not to authorize the Justice, simply upon the default of the defendant to appear, at once and without process or notice'of any kind, to enter up judgment against the security, either separately, or as a co-defendant in the same suit. This is manifest, where the defendant appears, and judgment passes against him : for the security is not liable unless the defendant fails to surrender himself to the constable, on execution, to be *179 issued against him on the same day. There must therefore be a final judgment and execution thereon, against the defendant, before the security, in that case, can be liable. Of course the original judgment cannot he against principal and security both. I am of opinion that the security’s undertaking and liability, is precisely the same, whether the defendant fails to appear, and a judgment passes against him in his absence, under the provisions of the thirteenth section, or whether he appears, and is condemned in the action; but in either case, the Bail must be sued upon his r-eeognizanee, before any judgment can be entered against him. The judgment must therefore be reversed.
Ford and Ryerson, Justices, concurred.
Judgment Reversed,